UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.:

NIGEL FRANK DE LA TORRE PARDO,

    Plaintiff,

v.

SHENANDOAH HOLDINGS, LLC, and
ORBAN HOSPITALITY LLC DBA
RODBENDERS RAW BAR & GRILL,

    Defendants.
_____/

**COMPLAINT**

Plaintiff, NIGEL FRANK DE LA TORRE PARDO, individually and on behalf of all other similarly situated mobility-impaired individuals (hereinafter "Plaintiff"), sues SHENANDOAH HOLDINGS, LLC and ORBAN HOSPITALITY LLC DBA RODBENDERS RAW BAR & GRILL (hereinafter "Defendants"), and as grounds alleges:

JURISDICTION, PARTIES, AND VENUE

1. This is an action for injunctive relief, attorneys' fees, litigation expenses, and costs pursuant to 42 U.S.C. § 12181, et seq., (the "Americans with Disabilities Act" or "ADA") and 28 U.S.C. §§ 2201 and 2202.

2. The Court has original jurisdiction over Plaintiff's claims arising under 42 U.S.C. § 12181, et seq. pursuant to 28 U.S.C. §§ 1331, 1343 and 42 U.S.C. § 12117(a).

3. Plaintiff, NIGEL FRANK DE LA TORRE PARDO, is an individual over eighteen years of age, with a residence in Miami-Dade County, Florida, and is otherwise *sui juris*.

4. At all times material, Defendant, SHENANDOAH HOLDINGS, LLC, owned and

1

operated a commercial retail shopping plaza at 20400 Old Cutler Road, Cutler Bay, Florida 33189 (hereinafter the "commercial property") and conducted a substantial amount of business in that place of public accommodation in Cutler Bay, Florida.

5. At all times material, Defendant, SHENANDOAH HOLDINGS, LLC, was and is a Florida Limited Liability Company which is registered to conduct business in the State of Florida and has the principal place of business listed in this complaint in Cutler Bay, Florida.

6. At all times material, Defendant, ORBAN HOSPITALITY LLC DBA RODBENDERS RAW BAR & GRILL, was and is a Florida Limited Liability Company which is registered to conduct business in the State of Florida and has the principal place of business listed in this Complaint in Cutler Bay, Florida.

7. At all times material, Defendant, ORBAN HOSPITALITY LLC DBA RODBENDERS RAW BAR & GRILL, owned and operated a commercial restaurant at 20400 Old Cutler Road, Cutler Bay, Florida 33189 (hereinafter the "Commercial Restaurant") and conducted a substantial amount of business in that place of public accommodation in Cutler Bay, Florida.

8. Venue is properly located in the Southern District of Florida because Defendants' commercial property, restaurant, and businesses are located in Miami-Dade County, Florida; Defendants regularly conduct business within Miami-Dade County, Florida; and because a substantial part(s) of the events or omissions giving rise to these claims occurred in Miami-Dade County, Florida.

FACTUAL ALLEGATIONS

9. Although well over thirty (30) years have passed since the effective date of Title III of the ADA, Defendants has yet to make its/their facilities accessible to individuals with disabilities.

10. Congress provided commercial businesses one and a half years to implement the Act. The effective date was January 26, 1992. In spite of this abundant lead-time and the extensive publicity the ADA has received since 1990, Defendants have continued to discriminate against people who are disabled in ways that block them from access and use of Defendants' property and the businesses therein.

11. The ADA prohibits discrimination on the basis of disability in 28 CFR 36.201 and requires landlords and tenants to be liable for compliance.

12. Plaintiff, NIGEL FRANK DE LA TORRE PARDO, is an individual with disabilities as defined by and pursuant to the ADA. NIGEL FRANK DE LA TORRE PARDO uses a wheelchair to ambulate. NIGEL FRANK DE LA TORRE PARDO has very limited use of his hands and cannot operate any mechanisms which require tight grasping or twisting of the wrist. He has lower paraplegia, which inhibits him from walking or otherwise ambulating without the use of a wheelchair. He is limited in his major life activities by such, including but not limited to walking, standing, grabbing, grasping and/or pinching.

13. Defendant, SHENANDOAH HOLDINGS, LLC, owns, operates and oversees the Commercial property, to include its general parking lot and parking spots specific to the tenant businesses therein and all other common areas open to the public located within the commercial property.

14. Defendant, ORBAN HOSPITALITY LLC DBA RODBENDERS RAW BAR & GRILL, owns, operates and oversees the commercial restaurant within its Co-Defendant's commercial property, to include the general parking lot and parking spots specific to its commercial restaurant business therein and all other pathway and commercial goods areas, aisles and restroom areas, which are open to the public located within the commercial property.

15. The subject commercial property and restaurant are open to the public and are located in Cutler Bay, Florida. The individual Plaintiff visits the commercial property and restaurant, to include visits to the commercial property and business located within the commercial property on February 19, 2024, and encountered multiple violations of the ADA that directly affected his ability to use and enjoy the commercial property.  He often visits the Commercial property and restaurant business located within the commercial property in order to avail himself of the goods and services offered there, and because it is approximately thirteen (13) miles from his residence and is near other business and restaurant he frequents as a patron.  He plans to return to the commercial property within two (2) months from the date of the filing of this Complaint.

16. The Plaintiff, NIGEL FRANK DE LA TORRE PARDO, found the commercial property and commercial restaurant business located within the commercial property and restaurant to be rife with ADA violations. The Plaintiff encountered architectural barriers at the commercial property and commercial restaurant business located within the commercial property and wishes to continue his patronage and use of the premises.

17. The Plaintiff, NIGEL FRANK DE LA TORRE PARDO, has encountered architectural barriers that are in violation of the ADA at the subject commercial property and restaurant. The barriers to access at Defendants' commercial property and commercial restaurant business have each denied or diminished Plaintiff's ability to visit the commercial property and have endangered his safety in violation of the ADA.  The barriers to access, which are set forth below, have likewise posed a risk of injury(ies), embarrassment, and discomfort to Plaintiff, NIGEL FRANK DE LA TORRE PARDO, and others similarly situated.

18. Defendant, SHENANDOAH HOLDINGS, LLC, owns and operates a place of public accommodation as defined by the ADA and the regulations implementing the ADA, 28

4

CFR 36.201 (a) and 36.104. Defendant, SHENANDOAH HOLDINGS, LLC, is responsible for complying with the obligations of the ADA. The place of public accommodation that Defendant, SHENANDOAH HOLDINGS, LLC, owns and operates is the commercial property and/or businesses located at 20400 Old Cutler Rd. Cutler Bay, Florida 33189.

19. Defendant, ORBAN HOSPITALITY LLC DBA RODBENDERS RAW BAR & GRILL, owns and operates a place of public accommodation as defined by the ADA and the regulations implementing the ADA, 28 CFR 36.201 (a) and 36.104. Defendant, ORBAN HOSPITALITY LLC DBA RODBENDERS RAW BAR & GRILL, is responsible for complying with the obligations of the ADA. The place of public accommodation that Defendant, ORBAN HOSPITALITY LLC DBA RODBENDERS RAW BAR & GRILL, owns and operates is the commercial restaurant and/or business located at 20400 Old Cutler Rd. Cutler Bay, Florida 33189.

20. Defendant, SHENANDOAH HOLDINGS, LLC, as landlord and owner of the commercial property, is jointly and severally liable for all ADA violations listed in this Complaint with its commercial tenant and owner of a commercial restaurant business, ORBAN HOSPITALITY LLC DBA RODBENDERS RAW BAR & GRILL.

21. Plaintiff, NIGEL FRANK DE LA TORRE PARDO, has a realistic, credible, existing and continuing threat of discrimination from the Defendants' non-compliance with the ADA with respect to the described commercial property and restaurant, including but not necessarily limited to the allegations of this Complaint. Plaintiff has reasonable grounds to believe that he will continue to be subjected to discrimination at the commercial property, in violation of the ADA. Plaintiff desires to visit the commercial property and businesses located therein, not only to avail himself of the goods and services available at the commercial property, but to assure himself that the commercial property and restaurant are in compliance with the ADA, so that he and

others similarly situated will have full and equal enjoyment of the commercial property without fear of discrimination.

22. Defendants have discriminated against the individual Plaintiff by denying him access to, and full and equal enjoyment of, the goods, services, facilities, privileges, advantages and/or accommodations of the commercial property, as prohibited by 42 U.S.C. § 12182 et seq.

## COUNT I - ADA VIOLATIONS

23. The Plaintiff adopts and re-alleges the allegations set forth in paragraphs 1 through 22 above as though fully set forth herein.

24. Defendants, SHENANDOAH HOLDINGS, LLC and ORBAN HOSPITALITY LLC DBA RODBENDERS RAW BAR & GRILL, have discriminated, and continue to discriminate, against Plaintiff in violation of the ADA by failing, inter alia, to have accessible facilities by January 26, 1992 (or January 26, 1993, if a Defendant has 10 or fewer employees and gross receipts of $500,000 or less). A list of the violations that Plaintiff encountered during his visit to the commercial property, include but are not limited to, the following:

A. Entrance Access and Interior Path of Travel

i. The Plaintiff could not traverse through areas of the restaurant, as the required 36" path is not provided. Violation: A continuous path of travel connecting all essential elements of the restaurant is not provided, violating Sections 4.2.1, 4.3.2(2), & 4.3.3 of the ADAAG and Sections 206.2.2 & 403.5.1 of the 2010 ADA Standards, whose resolution is readily achievable.

B. Interior Access to Goods

i. The Plaintiff could not utilize the bar counter, as it is mounted too high. Violation: There are bar counters that are not at the prescribed height, violating Section 4.32.4 and 5.2 of the ADAAG and Section 902.3 of the 2010 ADA Standards, whose resolution is readily achievable.

ii. There is seating provided that does not comply with the standards prescribed in Section

4.32 of the ADAAG and Sections 226 & 902 of the 2010 ADA Standards, whose resolution is readily achievable.

   C. <u>Public Restrooms within RodBender's</u>

   i. There are permanently designated interior spaces without proper signage, violating Section 4.1.3(16) and 4.30 of the ADAAG and Sections 216.2 and 703 of the 2010 ADA Standards, whose resolution is readily achievable.

   ii. The Plaintiff could not use the accessible toilet compartment door without assistance, as it is not self-closing and does not have compliant door hardware. Violation: The accessible toilet compartment door does not provide hardware and features that comply with Sections 4.17.5 and 4.13.9 of the ADAAG and Sections 309.4 and 604.8.1.2 of the 2010 ADA Standards, whose resolution is readily achievable.

   iii. The Plaintiff could not use the accessible toilet compartment without assistance, as one of the required size is not provided: Violation: The accessible toilet compartments provided for public use at the facility are in violation of Section 4.17.3 and Figure 30(a) of the ADAAG and Section 604.8.1 of the 2010 ADA Standards, whose resolution is readily achievable.

   iv. The Plaintiff could not use the coat hook without assistance, as it is mounted too high. Violation: There are coat hooks provided for public use in the restroom, outside the reach ranges prescribed in Sections 4.2.5, 4.2.6, and 4.25.3 of the ADAAG and Sections 308 and 604.8.3 of the 2010 ADA Standards, whose resolution is readily achievable.

   v. The Plaintiff was exposed to a cutting/burning hazard because the lavatory pipes are not wrapped. Violation: The lavatory pipes are not fully wrapped or maintained violating Section 4.19.4 of the ADAAG and Section 606.5 of the 2010 ADA Standards, whose resolution is readily achievable.

    vi. The Plaintiff could not use the mirror, as it is mounted too high. Violation: The mirrors provided in the restrooms are in violation of the requirements in Section 4.19.6 of the ADAAG and Section 603.3 of the 2010 ADA Standards, whose resolution is readily achievable.

## **RELIEF SOUGHT AND THE BASIS**

25. The discriminatory violations described in this Complaint are not an exclusive list of the Defendants' ADA violations. Plaintiff requests an inspection of the Defendants' places of public accommodation in order to photograph and measure all of the discriminatory acts violating the ADA and barriers to access in conjunction with Rule 34 and timely notice. Plaintiff further requests to inspect any and all barriers to access that were concealed by virtue of the barriers' presence, which prevented Plaintiff, NIGEL FRANK DE LA TORRE PARDO, from further ingress, use, and equal enjoyment of the commercial plaza and restaurant; Plaintiff requests to be physically present at such inspection in conjunction with Rule 34 and timely notice. A Plaintiff requests the inspection in order to participate in crafting a remediation plan to address Plaintiff's request for injunctive relief. The remediations for the ADA violations listed herein are readily achievable.

26. The Plaintiff, and all other individuals similarly situated, have been denied access to, and have been denied full and equal enjoyment of the goods, services, facilities privileges, benefits, programs and activities offered by Defendants' commercial property and commercial restaurant business within the place of public accommodation; and has otherwise been discriminated against and damaged by the Defendants because of the Defendants' ADA violations as set forth above. The Plaintiff, and all others similarly situated, will continue to suffer such discrimination, injury and damage without the immediate relief provided by the ADA as requested herein. In order to remedy this discriminatory situation, the Plaintiff requires an inspection of the

Defendants' place of public accommodation in order to determine all of the areas of non-compliance with the Americans with Disabilities Act. Plaintiff further requests a remediation plan and the opportunity to participate in the crafting of the remediation plan in order to participate in crafting a remediation plan to address Plaintiff's request for injunctive relief.

27.     Defendants have discriminated against the Plaintiff by denying him access to full and equal enjoyment of the goods, services, facilities, privileges, advantages and/or accommodations of their places of public accommodation or commercial facility, in violation of 42 U.S.C. § 12181 et seq. and 28 CFR 36.302 et seq. Defendants have also discriminated against Plaintiff in violation of 42 U.S.C. § 12131 et seq. and 28 C.F.R. Part 35 et seq for excluding Plaintiff by reason of disability from participation in and denying him benefits of the services, programs, or activities of a public entity. Furthermore, the Defendants continue to discriminate against Plaintiff, and all those similarly situated, by failing to make reasonable modifications in policies, practices or procedures, when such modifications are necessary to afford all offered goods, services, facilities, privileges, advantages or accommodations to individuals with disabilities; and by failing to take such efforts that may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services.

28.     Plaintiff is without adequate remedy at law, will suffer irreparable harm, and have a clear legal right to the relief sought. Further, injunctive relief will serve the public interest and all those similarly situated to Plaintiff. Plaintiff has retained the undersigned counsel and is entitled to recover attorneys' fees, costs and litigation expenses from Defendants pursuant to 42 U.S.C. § 12205 and 28 CFR 36.505.

29.     Defendants are required to remove the existing architectural barriers to the

physically disabled when such removal is readily achievable for their place of public similarly situated, will continue to suffer such discrimination, injury and damage without the immediate relief provided by the ADA as requested herein. In order to remedy this discriminatory situation, the Plaintiff requires an inspection of the Defendants' places of public accommodation in order to determine all of the areas of non-compliance with the Americans with Disabilities Act.

30.     Notice to Defendants is not required as a result of the Defendants' failure to cure the violations by January 26, 1992 (or January 26, 1993, if a Defendant has 10 or fewer employees and gross receipts of $500,000 or less). All other conditions precedent have been met by the Plaintiff or waived by the Defendant.

31.     Pursuant to 42 U.S.C. § 12188, this Court is provided with authority to grant Plaintiff's Injunctive Relief, including an order to alter the property where Defendants operate its businesses, located within the commercial property and Commercial restaurant located at 20400 Old Cutler Rd. Cutler Bay, Florida 33189, the interiors, exterior areas, and the common exterior areas of the commercial property to make those facilities readily accessible and useable to the Plaintiff and all other mobility-impaired persons; or by closing the facility until such time as the Defendants cure its violations of the ADA.

WHEREFORE, the Plaintiff, NIGEL FRANK DE LA TORRE PARDO, respectfully requests that this Honorable Court issue (i) Injunctive relief against Defendants, including an order to make all readily achievable alterations to the facilities; or to make such facilities readily accessible to and usable by individuals with disabilities to the extent required by the ADA; and to require Defendants to make reasonable modifications in policies, practices or procedures, when such modifications are necessary to afford all offered goods, services, facilities, privileges, advantages or accommodations to individuals with disabilities; and by failing to take such steps

that may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services; (ii) An award of attorneys' fees, costs and litigation expenses pursuant to 42 U.S.C. § 12205 ; and (iii) such other relief as the Court deems just and proper, and/or is allowable under Title II of the Americans with Disabilities Act.

Dated: June 12, 2024

        **ANTHONY J. PEREZ LAW GROUP, PLLC**
        *Attorneys for Plaintiff*
        7950 w. Flagler Street, Suite 104
        Miami, Florida 33144
        Telephone: (786) 361-9909
        Facsimile: (786) 687-0445
        Primary E-Mail: ajp@ajperezlawgroup.com
        Secondary E-Mails: jr@ajperezlawgroup.com


By:    /s/  Anthony J. Perez
       ANTHONY J. PEREZ
       Florida Bar No.: 535451